NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                                      |     |                                      |
| ------------------------------------ | --- | ------------------------------------ |
|                                      | :   |                                      |
|                                      | :   |                                      |
| QTECH SERVICES, LLC                  | :   | **Hon. Dennis M. Cavanaugh**         |
|                                      | :   |                                      |
| Plaintiff,                           | :   | **OPINION**                          |
|                                      | :   |                                      |
| v.                                   | :   | Civil Action 2-10-cv-00495 (DMC)(MF) |
|                                      | :   |                                      |
| VERITION FUND MANAGEMENT,            | :   |                                      |
| LLC *et al*,                         | :   |                                      |
|                                      | :   |                                      |
| Defendants,                          | :   |                                      |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by Verition Fund, et al. ("Defendants") to dismiss the complaint by Qtech Services ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **denied** without prejudice pending jurisdictional discovery.

I.      **BACKGROUND**

Plaintiff is a limited liability company with its principal place of business in West Bound Brook, New Jersey. Plaintiff is engaged in developing trading strategies on the Chicago Mercantile Exchange, particularly an advanced trading technique known as "high frequency trading" which, Plaintiff avers, is based on its copyrighted software and trade secret strategies. Plaintiff began trading on the Chicago Mercantile Exchange using its trading software in 2007.

Plaintiff had two employees, Defendant Chen, and Defendant Zheng[1], who began work for Plaintiff in 2004 and 2008 respectively. Both Chen and Zheng signed confidentiality agreements when they accepted Plaintiff's offer of employment. Both Chen and Zheng resigned from their positions with Plaintiff within one month of each other in 2009. Plaintiff alleges that Zheng  copied documents and computer data which he removed from Plaintiff's place of business at or around the time of his resignation, including large quantities of printed source code integral to Plaintiff's software.

Not long after, Plaintiff received a phone call to confirm the past employment of Zheng and Chen; Plaintiff subsequently discovered that both Zheng and Chen were employed by Defendant, Verition Management, a hedge fund with its principal place of business in Connecticut. Plaintiff avers that within four months of their employment at Verition, Zheng and Chen began a high frequency trading group trading on the Chicago Mercantile Exchange.

Plaintiff wrote to Defendant requesting help in investigating the alleged misappropriation of Plaintiff's proprietary information. Defendant responded that they had questioned Zheng extensively, and were certain that he had not brought confidential or misappropriated information to Verition.

Verition is a Delaware limited liability company with its principal place of business in Connecticut. Defendant avers that they do not maintain an office or other business locale in New Jersey, that they are not licensed in New Jersey, do not employ any personnel in New Jersey, conduct no advertising or marketing in New Jersey, and have no clients in New Jersey. They challenge this Court's ability to exercise personal jurisdiction over Defendant in this action.

---

[1]Zheng was subsequently dismissed from the case on July 23, 2010.

## II.    LEGAL STANDARD

### A.    Personal Jurisdiction; 12(b)(2)

Pursuant to Fed.R.Civ.P. 4(e), a district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state where the district court sits. *See* Fed.R.Civ.P. 4(e). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4-4(c)). Pursuant to Fed.R.Civ.P. 12(b)(2), a plaintiff must demonstrate by a preponderance of the evidence facts sufficient to support the assertion of personal jurisdiction over a defendant. *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 632 (D.N.J.2004) (citing *Carteret Savings Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992)). "A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff[,]" for purposes of jurisdiction, plaintiff cannot rely on pleadings alone, but instead must provide actual proofs. *Id.* (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d 1984)). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)).

"Once challenged, a plaintiff bears the burden of establishing personal jurisdiction." *Pro Sports Inc. v. West,* 639 F.Supp.2d 475, 478 (D.N.J.2009) ( *citing General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")).. "However, when the court does not hold an

evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004); *See also Carteret Say. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992)."If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1067.6 (3d ed.2002)."

      B.    <u>Jurisdictional Discovery</u>

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 336 (3d Cir.2009) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). If "the plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Id.* (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357, 362 (3d Cir.1983)). The Third Circuit Court of Appeals has found "jurisdictional discovery particularly appropriate where the defendant is a corporation." *Id.* Jurisdictional discovery "is appropriate when the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.,* 395 F.3d 1275, 1283 (Fed.Cir.2005) ( *quoting GTE New Media Services, Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1350-51 (D.C.Cir.2000)) (emphasis added). "[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in

4

personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *Sunview Condo. Ass'n v. Flexel Int'l,* 116 F.3d 962, 964 (1st Cir.1997). However, the availability of jurisdictional discovery is subject to the district court's discretion. *See id.; accord United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610,625-26 (1st Cir.2001). The Third Circuit has stated that "generally[,] ... jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.' " *Mass. Sch. ofLaw at Andover, Inc. v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997) (quoting *Nehemiah v. The Athletics Cong.,* 765 F.2d 42, 48 (3d Cir.1985)).

### III.  DISCUSSION

Defendant argues that they have never done business in New Jersey, and do not have even the most minimal contacts that the Third Circuit's three part analysis for specific jurisdiction requires. They claim to have never availed themselves of anything having to do with New Jersey, except to the extent of having hired two employees from the state. They assert that this Court may not exercise personal jurisdiction over them in this civil action. Plaintiff contends that Defendant's business is actually the corporate successor to another business, Amaranth Advisors, that had substantial contact with New Jersey, and that Defendant did or should have known that its New Jersey employees were bound by a confidentiality agreement that prohibited them from disclosing privileged information from their previous employer,  Plaintiff Qtech.

Although "plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor," *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004); *See also Carteret Say. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992), here the facts require further

development because they are inadequate for this Court to make a disposition as to its exercise of personal jurisdiction over the non-resident Defendant. Although Plaintiff's burden is light in this regard, the Court must nonetheless exercise care in making this determination. Specifically, jurisdictional discovery will ascertain whether Defendant Verition had minimum contacts with Plaintiff's chosen forum either through its relationship with or employment of Yu Zheng and Bin Chen, through its previous dealings with New Jersey when it was constituted as Amaranth Advisors, or through some other as yet unspecified contact. Because this Court specifically finds that this lawsuit is not frivolous, jurisdictional discovery is warranted.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is **denied** without prejudice pending jurisdictional discovery. Within 30 days from today, Plaintiff shall submit to the Magistrate Judge, for his consideration, a proposed discovery plan limited to the issues raised by Defendant's motion to dismiss for lack of personal jurisdiction. An appropriate Order follows this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   November  30 , 2010
cc:    Hon. Mark Falk, U.S.M.J.
       Counsel of Record